People v Garcia (2024 NY Slip Op 01614)

People v Garcia

2024 NY Slip Op 01614

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Ind. No. 3926/16 Appeal No. 1894 Case No. 2020-03913 

[*1]The People of the State of New York, Respondent,
v
Aaron Garcia, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered September 9, 2020, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender with a prior violent felony conviction, to a term of five years, unanimously affirmed.
By pleading guilty, defendant forfeited his right to appellate review of the court's denial of his CPL 210.40 motion to dismiss the indictment in furtherance of justice (People v Curley, 212 AD3d 444, 445 [1st Dept 2023], lv denied 39 NY3d 1154 [2023]). Review of his claim is also foreclosed by the valid waiver of his right to appeal (People v Cortes, 44 AD3d 538 [1st Dept 2007], lv denied 9 NY3d 1032 [2008]; see also People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). In any event, we find that the court providently exercised its discretion in denying this "extraordinary remedy, which we have cautioned should be exercised sparingly" (People v Hernandez, 198 AD3d 545 [1st Dept 2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 1161 [2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024